UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PETER JENNINGS, )  | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-3101 |
| ) | |
| CLARKSON *et al.*, ) | |
|     Defendants. ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening are duplicate Motions for Leave to File an Amended Complaint (Docs. 15, 16) filed under 42 U.S.C. § 1983 by Peter Jennings, an inmate at Centralia Correctional Center ("Centralia").

### I.    Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing a complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

The events Plaintiff describes occurred at Western Illinois Correctional Center ("WICC") and are alleged against the following Defendants: Nurse Practitioners Clarkson and Howard, Dr. William Coonrod, Dr. John Doe, Grievance Officer Eric Wohlfeil, and Jane Doe Nurses I, II, III, and IV.

On April 3, 2023, Plaintiff suffered a two-centimeter laceration to the fifth digit (*i.e.*, pinky finger) of Plaintiff's left hand. (Pl. Med. Rec. Doc. 1-1 at 11.) Plaintiff alleged that Defendants violated his Eighth Amendment rights in the following manner: (1) Clarkson told Doe I to break the wooden depressor Doe I used in dressing Plaintiff's injury in half after a corrections officer noted it was too long; (2) after challenging Howard's opinion that there was nothing wrong with Plaintiff's finger, Howard remarked, "Who needs a little finger anyways;" (3) Coonrod refused to listen to Plaintiff's complaints that his stitches had not been removed and the wooden depressor "busted" his stitches open; (4) Wolfeil did not investigate the claims made in his grievance; (5) John Doe merely told Plaintiff to keep his hand "balled-up;" and (6) Jane Does II, III, and IV did not use common sense by taping a wooden depressor to his finger.

## III. Analysis

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 16) is granted. The Clerk of the Court is directed to docket Plaintiff's Amended Complaint (Doc. 16 at 2-4). Plaintiff's filing (Doc. 15) is denied as duplicative.

Plaintiff asserts that Defendant Wolfeil did not investigate the claims raised in his grievance. However, "[o]nly persons who cause or participate in [constitutional]

violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *see also Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017) ("[T]he mishandling of [an inmate's] 'grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.'"). Plaintiff does not allege that Wolfeil was personally involved in the medical care claims at issue; thus, he fails to state a plausible claim against Wolfeil.

Plaintiff acknowledges that Defendant Coonrod was employed at Blessing Health Mount Sterling, and Defendant John Doe was employed at Jacksonville Memorial Hospital. In *West v. Adkins*, the Supreme Court held that "[a] physician who is under contract with the State to provide medical services to inmates at a state-prison hospital on a part-time basis acts 'under color of state law,' within the meaning of § 1983, when he treats an inmate." 487 U.S. 42, 42 (1988).

However, Plaintiff does not allege facts that establish or permit the reasonable inference that Defendant Coonrod and Doe were acting under color of state law at the time of the alleged violations. *See Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 797–98 (7th Cir. 2014) (holding that medical providers who have 'only an incidental or transitory relationship' with the penal system generally are not considered state actors.") (quoting *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009)) (holding that state university physicians who examined inmate were not acting under color of state law where physicians "had only an incidental and transitory relationship with the penal system" and where no evidence existed that physicians "had a contract with Wexford or the prison, that their practices focused on treating inmates, or even that they regularly

treated inmates as part of their practices"). Therefore, Plaintiff does not state a claim against Coonrod or Doe.

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

Under the objective component, a plaintiff must demonstrate that his medical condition is sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* Thus, a plaintiff can establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

"A medical professional acting in his professional capacity may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Rasho v. Elyea*, 856 F.3d 469, 476 (7th Cir. 2017) (quoting *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (internal quotation marks omitted)).

Plaintiff alleges Defendant Clarkson violated his constitutional rights by instructing Defendant Doe I to break a wooden tongue depressor used in changing his wound dressing in half after a corrections officer noted it was too long. Plaintiff next asserts that Defendant Howard disregarded his medical concerns regarding his finger. The inference taken from Plaintiff's assertions against Defendants Doe I, II, III, and IV is that they continued to break the wooden depressor in half despite observing wooden splinters in his wound.

The Court concludes that Plaintiff states Eighth Amendment deliberate indifference claims against Defendants Clarkson, Howard, and Does I, II, III, and IV based on the specific allegations noted above. However, because the Court cannot effect service of process upon a Doe Defendant, the Court advises that Plaintiff should attempt to determine, through the discovery process, the identity of the individual Does personally involved in violating his constitutional rights. Plaintiff should then seek leave to file an amended Complaint to add these individuals as Defendants. The Court will explain this process in more detail in its Scheduling Order that the Court will enter after Defendants have been served and filed their Answer to Plaintiff's pleading.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 16) is GRANTED.**

2) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 15) is DENIED.**

3) **The Clerk of the Court is DIRECTED to docket Plaintiff's Amended Complaint (Doc. 16 at 2-4) and TERMINATE William Coonrod, John Doe, and Eric Wohlfeil as Defendants.**

4) **According to the Court's screening of Plaintiff's Amended Complaint (Doc 8-1) under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with Eighth Amendment conditions of confinement claim against Defendants Clarkson, Howard, and Jane Doe I, II, III, and IV. Plaintiff's claims against Defendants proceed in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

6) **The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter an order setting discovery and dispositive motion deadlines.**

7) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

8) **Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

9) **This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests**

and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) **Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

11) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

12) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

13) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

14) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED June 20, 2025.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE